# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor<br>United States Department of Labor,<br><br>    Plaintiff,<br><br>v.<br><br>KIDZ PALAZE EARLY LEARNING<br>CENTER, LLC, a corporation,<br>KIDZ PALAZE LEARNING CENTER,<br>LLC, a corporation and<br>EDRIESHA HUMPHREY, individually and as<br>owner and corporate officer of the<br>aforementioned corporations<br><br>    Defendants. | Civil Action No. |

## COMPLAINT

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin Kidz Palaze Early Learning Center, LLC, Kidz Palaze Learning Center, LLC, (collectively "Kidz Palaze") and Edriesha Humphrey, individually and as owner of Kidz Palaze, (hereinafter collectively referred to as "Defendants") from violating provisions of Sections 6, 7, 11 and 15 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 201 et seq.), hereinafter referred to as "the Act," and for a judgment against Defendants in the total amount of the back wage compensation found by the Court to be due any former or current employees of the Defendants pursuant to the Act and for liquidated damages in an amount equal to the back wages found due to the employees.

1. Jurisdiction of this action is conferred upon the court by Section 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and by 28 U.S.C. § 1331 and 1345.

2. Defendant, Kidz Palaze Early Learning Center, LLC (hereinafter "Kidz Early") is, and at all times hereinafter mentioned was, incorporated in Ohio as a limited liability corporation with a principal place of business at 3410 Warsaw Avenue in Cincinnati, OH 45205, which is within the venue and jurisdiction of this Court. Kidz Early provides custodial care and educational services to children.

3. Defendant, Kidz Palaze Learning Center, LLC (hereinafter "Kidz Learning") is, and at all times hereinafter mentioned was, incorporated in Ohio as a limited liability corporation with a principal place of business at 3410 Warsaw Avenue in Cincinnati, OH 45205, which is within the venue and jurisdiction of this Court. Kidz Learning provides custodial care and educational services to children.

4. Defendant, Edriesha Humphrey is and, at all times hereinafter referenced was, an owner of Defendant Kidz Palaze and she resides at 8285 Pippin Road, Cincinnati OH 45239, which is within the venue and jurisdiction of this Court. Defendant Edriesha Humphrey does, and at all times hereinafter mentioned did, business in Ohio as she actively oversees the daily operation of Kidz Palaze, which is within the venue and jurisdiction of this Court. Defendant Edriesha Humphrey is, and at all times hereinafter mentioned was, actively involved in day-to-day operations of Kidz Palaze, including hiring and firing employees, setting employee pay rates and making decisions involving the operation of the establishment. Defendant Edriesha Humphrey acts directly or

indirectly in the interest of company in relation to their employees at all times relevant herein, and meets the definition of an employer under Section 3(d) of the Act.

5. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the Act, in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose. These activities constituted (and/or were related to) operating a child care center in the furtherance of the business purposes of Defendants' unified business entity.

6. At all times hereinafter mentioned, Defendants have employed, and are employing, employees engaged in commerce or in the production of goods for commerce, including employees handling or otherwise working on goods or materials that have been moved in or produced for commerce within the meaning of Section 3(s)(1)(b) of the Act while operating a preschool.

7. During the period from March 15, 2019 through December 30, 2019 ("the investigative period") and continuing through the present, Defendants employed the individuals in the attached Exhibit A.

8. Defendants violated the provisions of Sections 6 and 15(a)(2) of the Act by employing the individuals in the attached Exhibit A in commerce or in the production of goods for commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce and compensating these employees at rates less than the applicable statutory minimum wage rate prescribed in Section 6 of the Act. Therefore, Defendants are liable for unpaid

minimum wages and an equal amount of liquidated damages under Section 16(c) of the Act.

    a. For example, during the investigative period, Defendants paid employees at an hourly rate less than the minimum wage. Specifically, Defendants paid some employees an hourly rate of $4.00, for every hour they worked. Under Sections 6 and 15(a)(2) of the Act, Defendants were required to pay these employees the federal minimum wage of $7.25 per hour.

    b. Defendants also paid certain employees salaries which resulted in those employees receiving wages at rates less than the federal minimum wage of $7.25 per hour.

9. As a result of the violations alleged above, amounts are owed for hours worked that were paid at rates less than the rates set forth in Section 6 of the Act for the employees named in Exhibit A attached to this Complaint. Additional amounts may be due to other employees employed by Defendants during the time period covered by this Complaint (and continuing up to the time Defendants demonstrate that they came into compliance with the Act) whose identities are not now known to Plaintiff.

10. Defendants violated the provisions of Sections 7 and 15(a)(2) of the Act by employing employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in

Section 7 of the Act without compensating said employees for hours worked over forty in a workweek at rates not less than one and one-half times their regular rates. Defendants are therefore liable for the payment of unpaid overtime wages and an equal amount of liquidated damages under Section 16(c) of the Act.

    a. For example, during the investigative period, Defendants paid employees a salary and failed to pay them one and a half times their regular rates for hours worked in excess of forty in a workweek. Specifically, Defendants paid employees straight time for overtime hours worked. Defendants, therefore, owe the employees listed in the attached Exhibit A premium overtime wages for the hours they worked in excess of forty in a workweek.

11. As a result of the violations alleged above, Defendants owe back wages to its employees named in the attached Exhibit A and whom Defendants paid at rates less than the applicable statutory premium overtime wage rate required by Section 7 of the Act. Defendants might owe additional amounts to other employees during the time period covered by this Complaint (and continuing up to the time Defendants demonstrate it is complying with the Act) whose identities are not now known to the Secretary.

12. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued found at 29 C.F.R. Part 516. For example, Defendants failed to

make, keep, and preserve adequate and accurate records of hours worked by employees, employees' regular rates, occupation and personal information, and hiring and/or firing dates.

13. Defendants continually violated the provisions of the Act as alleged above. A judgment permanently enjoining and restraining the violations alleged herein is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(a) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment from violating the provision of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and,

(b) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to Defendants' current and former employees listed in the attached Exhibit A for the investigative period, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may be owed to certain current and former employees of Defendants listed in the attached Exhibit A for violations continuing after the investigative period, and may be owed to certain current and former employees unknown to the Secretary for the period covered by this Complaint who may be identified during this litigation and added to Exhibit A; or

(c) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court awards costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

_/s/ Elizabeth R. Ashley_
**ELIZABETH R. ASHLEY**
Senior Trial Attorney (#0046823)
U.S. Department of Labor
1240 East 9th Street, Rm. 881
Cleveland, Ohio 44199
(216) 522-3811 direct
(216) 522-7172  facsimile
email: ashley.elizabeth@dol.gov

OF COUNSEL:

Elena S. Goldstein
Deputy Solicitor of Labor

Christine Z. Heri
Regional Solicitor

Leah A. Williams
Associate Regional Solicitor

Maureen M. Cafferkey
Counsel for Wage Hour and
Civil Rights